UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLENE FIGUEROA,

      Plaintiff,

v.                                              Case No. 8:22-cv-2216-AAS

KILOLO KLJAKAZL,
Acting Commissioner,
Social Security Administration,

      Defendant.
_____/

**ORDER**

Plaintiff Allene Figueroa requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for child's insurance benefits (CIB) and for Supplemental Security Income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the parties' memoranda, the Commissioner's decision is **AFFIRMED**.

I.     PROCEDURAL HISTORY

Ms. Figueroa applied for CIB and SSI on December 19, 2019, alleging a

disability onset of October 31, 1994.[1] (Tr. 318–21). Disability examiners denied Ms. Figueroa's application initially and on reconsideration. (Tr. 148–61, 168–91). At Ms. Figueroa's request, the ALJ held hearings in August and November 2021. (Tr. 148–61, 168–91). The ALJ decided unfavorable to Ms. Figueroa on December 9, 2021. (Tr. 13–39). The Appeals Council denied Ms. Figueroa's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1–6). Ms. Figueroa now requests judicial review of the Commissioner's decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Ms. Figueroa was twenty-seven years old on the date of the ALJ's decision. (Tr. 13, 319). Ms. Figueroa has a high school education and no past relevant work. (Tr. 314). Ms. Figueroa alleges disability due to a "learning disability, mild retardation, and [she is] only able to comprehend one thing at a time." (Tr. 340, 385).

---

[1] To be eligible for CIB, a claimant who is eighteen years old or older and not a full-time student must prove she became disabled prior to attaining age twenty-two. *See* 42 U.S.C. § 402(d)(1)(B), (C)(ii); 20 C.F.R. § 404.350(a)(5). Ms. Figueroa attained age twenty-two on October 31, 2016, thus she had to prove she was disabled on or before that date to be eligible for CIB, (Tr. 319); *see* 20 C.F.R. § 404.2 (explaining an individual attains a given age on the first moment of the day preceding the anniversary of her birth corresponding to such age).

**B.     Summary of the ALJ's Decision**

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[3] she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] *Id.* Fifth, if a

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

[4] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ determined Ms. Figueroa had not engaged in substantial gainful activity. (Tr. 19). For the CIB claim, the ALJ found Ms. Figueroa had the severe impairment of mild intellectual disorder. (*Id.*). For the SSI claim, the ALJ found Ms. Figueroa had the additional severe impairments of "obesity, right knee pain, asthma, seizures, mild intellectual disorder, major depressive disorder, generalized anxiety disorder, and unspecified trauma and related disorder." (*Id.*). However, the ALJ found Ms. Figueroa's impairments or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (Tr. 21).

For the CIB claim, the ALJ found Ms. Figueroa had an RFC for a "full range of work at all exertional levels except that the claimant could work at low stress jobs, defined as jobs containing no more than simple, routine, and repetitive tasks, involving only simple work-related decisions with no more than occasional workplace changes." (Tr. 24). For the SSI claim, the ALJ found Ms. Figueroa could perform light work[5] except:

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or

4

> [Ms. Figueroa] can climb ladders, ropes, or scaffolds on an occasional basis. She can climb ramps and stairs, bend, stoop, kneel, and squat on a frequent basis. She can work at jobs containing no concentrated exposure to airborne irritants such as fumes, odors, dusts, gases, and/or smoke. She can work at jobs that do not require the operation of motor vehicles or heavy machinery. She can work at jobs containing no concentrated exposure to unprotected heights, unprotected machinery, and/ or machinery with moving mechanical parts. She can work at low stress jobs, defined as jobs containing no more than simple, routine, and repetitive tasks, involving only simple work-related decisions with no more than occasional workplace changes.

(Tr. 26).

At step four, the ALJ found Ms. Figueroa had no past relevant work. (Tr. 31). Assisted by a vocational expert, the ALJ then determined Ms. Figueroa could perform other jobs existing in significant numbers in the national economy, specifically as a labeler, bagger, and sealing machine operator. (Tr. 32). Thus, the ALJ found Ms. Figueroa not disabled. (Tr. 33).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports

---

standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(6), 416.967(6).

her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issues on Appeal

Ms. Figueroa raises two issues on appeal. First, Ms. Figueroa argues the ALJ failed to adequately assess Ms. Figueroa's migraine headaches at step two of the sequential evaluation process. (Doc. 13, pp. 13–18; Doc. 15, pp. 1–2). Second, Ms. Figueroa argues the ALJ erred in finding Ms. Figueroa did not meet the standard for intellectual disorder in Listing 12.05. (Doc. 13, pp. 18–24; Doc. 15, pp. 2–4).

#### 1. Whether the ALJ erred in assessing Ms. Figueroa's migraine headaches.

Ms. Figueroa argues the ALJ erred in failing to find Ms. Figueroa's migraine headaches were severe. (Doc. 13, pp. 13–18; Doc. 15, pp. 1–2). In response, the Commissioner contends the ALJ adequately considered Ms. Figueroa's migraine headaches and the RFC determination is supported by substantial evidence. (Doc. 14, pp. 5–10).

An ALJ decides whether an impairment is severe at step two of the five step analysis. 20 C.F.R. §§ 404.1520(a), 416.920(a). "This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step

7

two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). In other words, "there is no need for an ALJ to identify every severe impairment at step two." *Boler v. Berryhill*, No. 17-00248-B, 2018 WL 3142941, at *6 (S.D. Ala. June 27, 2018). Rather, if any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Jamison*, 814 F.2d at 588. Once a case advances beyond step two, the ALJ must consider all impairments, severe or not, at the remaining steps. In assessing the RFC, whether a claimant can return to past work or perform other work, and as long as ALJ does so, any error in failing to find a specific condition as severe is harmless. *See Gray v. Commissioner of Soc. Sec.*, 550 F. App'x 850, 853-54 (11th Cir. 2013) ("we need not consider whether substantial evidence supports the ALJ's conclusion at step two—that Gray's cervical spine impairment was not a severe impairment—because even if there was error, it would be harmless").

      The ALJ discussed Ms. Figueroa's migraine headaches in in his decision and the RFC determination. Specifically, the ALJ discussed Ms. Figueroa's June and August 2020 medical evaluations, her negative magnetic resonance imaging scans, and the lack of continuing complications due to migraine headaches in both physical and neurological examinations. (Tr. 20). The ALJ noted Ms. Figueroa's nausea, light sensitivity, and noise sensitivity referenced in an August 2020 examination as "similar to type and pattern as compared to

the previous [June 2020] visit." (Tr. 899). A September 2020 examination reported Ms. Figueroa's migraine headaches to be "episodic weekly headaches mild to moderate in severity" and "patient denies any debilitating headaches." (Tr. 895, 903). Cervical spasms in the trapezius muscle to high/low cervical were reported in the region in September 2020, yet this symptom did not reoccur in following examinations. (Tr. 896). The ALJ found Ms. Figueroa's migraine headaches are "either controlled by medication . . . and/or do not meet the twelve-month durational requirements." (Tr. 21).

Because the ALJ considered all Ms. Figueroa's impairments—including her migraine headaches—in determining whether she could work and with what limitations, any error by the ALJ in failing to identify Ms. Figueroa's migraine headaches as severe was harmless. *See e.g.*, *Ferguson v. Astrue*, 2012 WL 4738857, *9 (N.D. Ala. 2012) ("[B]ecause step two only acts as a filter to prevent non-severe impairments from disability consideration, the ALJ's finding of other severe impairments allowed him to continue to subsequent steps of the determination process and his failure to list headaches as severe does not constitute reversible error because, under the Social Security regulations, the ALJ at later steps considers the combined effect of all the claimant's impairments."). Remand on this ground is, therefore, not warranted.

9

## 2. Whether the ALJ erred in assessing the Listings.

Ms. Figueroa argues she meets the requirement of Listing 12.05 for Intellectual Disorder. (Doc. 13, pp. 18–24; Doc. 15, pp. 2–4). In response, the Commissioner contends Ms. Figueroa failed to show she had the requisite deficits in adaptive functioning to meet Listing 12.05. (Doc. 14, pp. 10–17).

A claimant may prove she is disabled at step three of the sequential evaluation process if she establishes her impairments meet or equal an impairment in the Listing. *See* 20 C.F.R. §§ 404.1525, 416.925; *see also* 20 C.F.R. pt. 404, subpt. P, app. 1. The Listings describe "impairments that [the agency] considers[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a); *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002).

To meet a Listing, a claimant must have an impairment included in the Listing and medical reports documenting that the condition meets the specific criteria of the Listing and the duration requirement. *See* 20 C.F.R. §§ 404.1525(a)-(d), 416.925(a)-(d); *Wilson*, 294 F.3d at 1224. The impairment(s) "must meet *all* of the specified medical criteria[,]" and "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).

Listing 12.05, Intellectual Disorder, states:

A.  Satisfied by 1, 2, and 3 (see 12.00H):

    1.  Significantly subaverage general intellectual functioning evident in your cognitive inability to function at a level required to participate in standardized testing of intellectual functioning; and

    2.  Significant deficits in adaptive functioning currently manifested your dependence upon others for personal needs (for example toileting, eating, dressing, or bathing); and

    3.  The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

Or

B.  Satisfied by 1, 2, and 3 (see 12.00H):

    1.  Significantly subaverage general intellectual functioning evidenced by a or b:

        a.  A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or

        b.  A full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

    2.  Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental

>
> functioning:
>
>> a. Understand, remember, or apply information (see 12.00E1); or
>>
>> b. Interact with others (see 12.00E2); or
>>
>> c. Concentrate, persist, or maintain pace (see 12.00E3); or
>>
>> d. Adapt or manage oneself (see 12.00E4); and
>
> 3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. pt. 404, subpt. p, App. 1, § 12.05 (2017).

A valid qualifying IQ score creates a rebuttable presumption that a claimant manifested deficits in adaptive functioning before age 22, but the Commissioner may present evidence relating to a claimant's work history and daily life to rebut this presumption. *See Hodges v. Barnhart*, 276 F.3d 1265, 1269 (11th Cir. 2001). "[A] valid I.Q. score need not be conclusive of [intellectual disability] where the I.Q. score is inconsistent with other evidence in the record on the claimant's daily activities and behavior." *Lowery*, 979 F.2d at 837 (quoting *Ravizee v. Comm'r of Soc. Sec.*, 646 F. App'x 747, 748 (11th Cir. 2016)).

The ALJ recognized Ms. Figueroa IQ score of 65 assessed by psychologist

Janine Ippolito, Psy.D. (Tr. 22, 665). However, based on evidence of Ms. Figueroa's activities and abilities, the ALJ found Ms. Figueroa failed to show she had deficits in adaptive functioning required by Listing 12.05. *See* 20 C.F.R. pt. 404, subpt. p, app. 1, § 12.05.

"Adaptive functioning" means an "individual's progress in acquiring mental, academic, social and personal skills as compared with other unimpaired individuals of his/her own age." *Prunty v. Acting Comm'r of Soc. Sec. Admin.*, 635 F. App'x 757, 759 (11th Cir. 2015). The ALJ found Ms. Figueroa had only a moderate limitation in understanding, remembering, or applying information, and in concentrating, persisting, or maintaining pace; mild limitation in adapting or managing herself; and no limitation in interacting with others. (Tr. 22–23). Substantial evidence supports this finding.

For example, Ms. Figueroa was able to provide her own personal care. (Tr. 360–69, 472–73). *See Harris v. Comm'r of Soc. Sec.*, 330 F. App'x 813, 815 (11th Cir. 2009) (holding the ability to take care of personal needs among evidence of adaptive abilities). Ms. Figueroa was able to perform household chores, including preparing simple meals. (Tr. 60, 362). *See Garrett v. Astrue*, 244 F. App'x 937, 939 (11th Cir. 2007) (holding the ability to cook simple meals and perform chores among evidence showing lack of requisite adaptive deficits,

despite low IQ score). Ms. Figueroa could shop in stores and manage money. (Tr. 363–64). *See Jones v. Soc. Sec. Admin., Comm'r*, 695 F. App'x 507, 510 (11th Cir. 2009) (holding the ability to pay bills, count change, handle a savings account, and use a checkbook supporting finding that claimant lacked listing-level adaptive deficits). Ms. Figueroa worked a part-time job as a stock clerk in 2021. (Tr. 19, 65–68, 664). *See Hickel v. Comm'r of Soc. Sec.*, 539 F. App'x 980 (11th Cir. 2013) (holding substantial evidence supported the ALJ's conclusion that claimant did not show deficits in adaptive functioning where she worked part time at a nursery).

In July 2021, Dr. Ippolito opined Ms. Figueroa could understand, remember, or apply complex directions and instructions with mild to moderate limitations, but could understand, remember, or apply simple directions with no limitations. (Tr. 22, 666). Dr. Ippolito opined Ms. Figueroa sustained concentration and performed a task at a consistent pace and sustained an ordinary routine and regular attendance at work. (*Id.*). Dr. Ippolito opined Ms. Figueroa regulated emotions, controlled behavior, maintained well-being, maintained personal hygiene and appropriate attire, and demonstrated awareness of normal hazards, and took appropriate precautions with no evidence of limitation. (*Id.*). Dr. Ippolito assessed Ms. Figueroa could use reason and judgment to make workrelated decisions with mild limitations.

14

(*Id.*). On examination, Ms. Figueroa could recall and understand instructions and her attention and concentration were good despite working slowly. (Tr. 26, 665).

The ALJ considered Ms. Figueroa's activities and abilities in finding she did not have the requisite deficits in adaptive functioning to meet the requirements of Listing 12.05. *See Popp v. Heckler*, 779 F.2d 1497, 1499–1500 (11th Cir. 1986) (concluding substantial evidence supported the *ALJ*'s finding that despite claimant's IQ score, other evidence in the record was inconsistent with an intellectual disorder). Because Ms. Figueroa did not meet her burden of showing she met all the criteria of Listing 12.05, the ALJ did not err in finding she did not meet this Listing.[6] *See Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir.1987) (holding the claimant has the burden of proving disability by presenting evidence to meet or equal a Listing.).

## IV.  CONCLUSION

The Commissioner's decision is **AFFIRMED.** The Clerk of Court must enter final judgment for the Commissioner and close the case.

---

[6] Ms. Figueroa's reliance on *Fazio v. Kijakazi*, No. 8:21-cv-2180-AAS, 2022 WL 3572873, at *3 (M.D. Fla. Aug. 19, 2022) is misplaced. *Fazio* involved an ALJ who failed to consider whether medical evidence satisfied the paragraph C requirements of Listing 12.15 for Post-Traumatic Stress Disorder. Unlike in *Fazio*, the ALJ here did not ignore Ms. Figueroa's treatment. Rather, the ALJ specifically discussed Ms. Figueroa's treatment. (Tr. 22). In addition, Ms. Figueroa reported the medication was working well and her anxiety was stable. (Tr. 22, 932).

**ORDERED** in Tampa, Florida on July 18, 2023.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge